UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROMANO ORGANIZZAZIONE SRL, CARLO REGAZZONI, TOMASO ZAPPOLI THYRION, LA SOCIETÀ UMUS SRL, GRAZIA VALENTINI, and APE ORGANIZZAZIONE SRL,<br><br>       Plaintiffs,<br><br>   v.<br><br>THE REPUBLIC OF ARGENTINA,<br><br>       Defendant. | No. 07-CV-11331 (TPG)<br><br>AMENDED COMPLAINT |

    Plaintiffs Romano Organizzazione Srl ("Romano"), Carlo Regazzoni ("Regazzoni"), Tomaso Zappoli Thyrion ("Zappoli Thyrion"), La Società UMUS Srl ("UMUS"), Grazia Valentini ("Valentini"), and Ape Organizzazione Srl ("Ape") (collectively, "Plaintiffs"), by their undersigned counsel, for their Complaint state the following:

## NATURE OF THE ACTION

    1.  This is an action for breach of contract arising from the failure of Defendant Republic of Argentina ("Argentina," "the Republic") to make required principal and interest payments on certain global debt securities ("bonds"). Plaintiffs are holders of such bonds arising out of contracts governed by New York law and providing for a New York choice of forum.

## THE PARTIES

    2.  Plaintiffs are natural persons and juridical entities of Italian nationality, residing or located in Italy

    3.  Defendant Argentina is a foreign state as defined by 28 U.S.C. §1603 (a).

JURISDICTION AND VENUE

4. This Court has Jurisdiction over the subject matter of this lawsuit pursuant to 28 U.S.C. §1330.

5. Venue is proper in this District by agreement of the parties and pursuant to 28 U.S.C. §1391(f).

FIRST CAUSE OF ACTION
BREACH OF CONTRACT

6. Plaintiff Regazzoni is the beneficial owner of a certain bond issued by Defendant Argentina in the principal amount of $1,140,000 bearing CUSIP number P04981BN8.

7. Plaintiff Zappoli Thyrion is the beneficial owner of a certain bond issued by Defendant Argentina in the principal amount of $3,435,000 bearing CUSIP number P04981BN8.

8. Plaintiff UMUS is the beneficial owner of a certain bond issued by Defendant Argentina in the principal amount of $250,000 bearing CUSIP number P04981BN8.

9. Plaintiff Valentini is the beneficial owner of a certain bond issued by Defendant Argentina in the principal amount of $115,000 bearing CUSIP number P04981BN8.

10. Plaintiff Romano is the beneficial owner of a certain bond issued by Defendant Argentina in the principal amount of $5,000,000 bearing CUSIP number P04981BN8.

11. Plaintiff Ape is the beneficial owner of a certain bond issued by Defendant Argentina in the principal amount of $2,500,000 bearing CUSIP number P04981BN8.

12. Defendant Argentina issued the foregoing bonds (the "Bonds") pursuant to a Fiscal Agency Agreement, dated as of October 19, 1994 (the "Fiscal Agency Agreement").

13. Pursuant to Section 22 of the Fiscal Agency Agreement, Defendant Argentina (i) appointed Banco de la Nacíon Argentina as its agent for service of process, (ii) agreed to submit to the jurisdiction of this Court, and (iii) agreed to waive any claim of immunity, including but not limited to, sovereign immunity.

14. Pursuant to Section 12 of the Fiscal Agency Agreement, the following, inter alia, are defined as "Events of Default":

> (a) Non-Payment: the Republic fails to pay any principal of any of the Securities of such Series when due and payable or fails to pay any interest on any of the Securities of such Series when due and payable and such failure continues for a period of 30 days; or
>
> […]
>
> (d) Moratorium: a moratorium on the payment of principal of, or interest on, the Public External Indebtedness of the Republic shall be declared by the Republic.

15. Paragraph 12 of the Fiscal Agency Agreement further provides that following either of the foregoing Events of Default, a note holder, i.e., Plaintiffs herein, may give Defendant Argentina written notice and declare "the principal amount of such Securities by it to be due and payable immediately," together with all accrued interest.

16. In December 2001, Defendant Argentina unilaterally declared a moratorium on all payments of principal and interest on all of its foreign debt obligations. This declaration was a violation of the terms of the very bonds issued by Defendant Argentina.

17. Argentina has failed to make any payments to Plaintiffs since December 2001.

18. On December 17, 2007, Plaintiffs declared the global debt securities held on Plaintiffs' behalf in default and, as expressly permitted by the terms of the applicable instruments, accelerated Defendant Argentina's obligation to pay all outstanding principal and accrued capitalized interest in United States Dollars.

19. By virtue of the foregoing, there has been at least one event of default as defined by the Bond documents with respect to each of the aforementioned bonds held by Plaintiffs.

20. By virtue of the foregoing, Defendant Argentina has breached its contractual obligations to Plaintiffs and is therefore liable for damages in an amount to be determined at trial, plus interest.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiffs request that there be an entry of judgment against Argentina as follows:

A. Awarding Plaintiffs an amount equal to the contractually provided principal amount of the bonds beneficially owned by them, together with all accrued and unpaid interest; and

B. Awarding Plaintiffs the costs and expenses of this action, pre-judgment interest, and such other relief as this Court deems just and proper.

Dated: New York, New York
       December 21, 2007

LAW OFFICES OF ERIC J. GRANNIS

By: *Eric Grannis*
    Eric J. Grannis (EG 8403)
    620 Fifth Avenue
    New York, New York 10020
    (212) 903-1025

Attorneys for Plaintiffs