UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
  :
ROMANO ORGANIZZAZIONE SRL, CARLO   :
REGAZZONI, TOMASO ZAPPOLI THYRION, LA   : 07 Civ. 11331 (TPG)
SOCIETÀ UMUS SRL, GRAZIA VALENTINI and APE   :
ORGANIZZAZIONE SRL,   :
  : ANSWER TO AMENDED
                            Plaintiffs,   : COMPLAINT
  :
         -against-   :
  :
THE REPUBLIC OF ARGENTINA,   :
  :
                            Defendant.   :
  :
------------------------------------------------------------------ X

        Defendant the Republic of Argentina (the "Republic"), as and for its answer to the Amended Complaint, dated December 21, 2007 (the "Amended Complaint"), respectfully states as follows:

        1.    The first sentence of Paragraph 1 of the Amended Complaint purports to characterize the nature of the action brought, and accordingly, no responsive pleading is required. To the extent that Paragraph 1 of the Amended Complaint constitutes a conclusion of law, no responsive pleading is required. The Republic otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Amended Complaint.

        2.    The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Amended Complaint.

3. Paragraph 3 of the Amended Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise admits that it is a foreign state as defined in 28 U.S.C. § 1603(a).

4. Paragraph 4 of the Amended Complaint constitutes a conclusion of law as to which no responsive pleading is required.

5. Paragraph 5 of the Amended Complaint constitutes a conclusion of law as to which no responsive pleading is required.

6. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Amended Complaint. The Republic otherwise admits it issued a bond with CUSIP number P04981BN8.

7. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Amended Complaint. The Republic otherwise admits it issued a bond with CUSIP number P04981BN8.

8. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Amended Complaint. The Republic otherwise admits it issued a bond with CUSIP number P04981BN8.

9. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Amended Complaint. The Republic otherwise admits it issued a bond with CUSIP number P04981BN8.

10. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Amended Complaint. The Republic otherwise admits it issued a bond with CUSIP number P04981BN8.

11. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Amended Complaint. The Republic otherwise admits it issued a bond with CUSIP number P04981BN8.

12. The Republic admits that it issued a bond having CUSIP number P04981BN8 (the "Bond") but denies that the Bond was issued pursuant a Fiscal Agency Agreement, dated of October 19, 1994.

13. Paragraph 13 of the Amended Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 13 of the Amended Complaint for its true and correct contents.

14. Paragraph 14 of the Amended Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 14 of the Amended Complaint for its true and correct contents.

15. Paragraph 15 of the Amended Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 15 of the Amended Complaint for its true and correct contents. The Republic otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15.

16. The Republic denies the allegations of Paragraph 16 of the Amended Complaint, except admits that since December 2001 it has not paid interest or principal on

nonperforming debt. The second sentence of Paragraph 16 constitutes a conclusion of law as to which no responsive pleading is required.

17. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the Amended Complaint, except admits that since December 2001 it has not paid interest or principal on nonperforming debt.

18. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Amended Complaint. Paragraph 18 of the Amended Complaint otherwise purports to characterize the contents of written documents, which documents speak for themselves. The Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 18 of the Amended Complaint for their true and correct contents.

19. Paragraph 19 of the Amended Complaint constitutes a conclusion of law as to which no responsive pleading is required. Paragraph 19 of the Amended Complaint otherwise purports to characterize the contents of written document, which document speaks for itself. The Republic denies such characterization inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 19 of the Amended Complaint for their true and correct contents.

20. Paragraph 20 of the Amended Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise denies the allegations of Paragraph 20 of the Amended Complaint.

### First Affirmative Defense

21. The Amended Complaint fails to state a claim upon which relief may be granted.

**Second Affirmative Defense**[1]

22. Plaintiffs' claims are barred by the act of state doctrine.

**Third Affirmative Defense**

23. To the extent plaintiffs are not acting in good faith in commencing and prosecuting this action, they are barred from enforcing any rights they may otherwise have.

**Fourth Affirmative Defense**

24. Plaintiffs' claims are barred by the doctrine of unclean hands.

**Fifth Affirmative Defense**

25. Plaintiffs' claims are barred by the doctrine of abuse of rights.

**Sixth Affirmative Defense**

26. Plaintiffs' claims are barred by N.Y. Judiciary Law Section 489.

**Seventh Affirmative Defense**

27. Plaintiffs lack standing and/or capacity to sue, because they are not holders of bonds within the meaning of the Discount Bond and Par Bond Fiscal Agency Agreement dated April 7, 1993 and/or the Fiscal Agency Agreement dated October 19, 1994 entered into by the Republic (the "1994 FAA").

---

[1] The Republic recognizes that the Court has addressed the Second and Fifth Affirmative Defenses listed herein. See Lightwater Corp. Ltd. v. Republic of Argentina, 02 Civ. 3804 (TPG), 2003 WL 1878420, at *5 (S.D.N.Y. Apr. 14, 2003). The Republic pleads these Affirmative Defenses here to preserve them for potential appellate review. In connection with the Sixth Affirmative Defense facts may exist in the present case that were not before the Court in the cases covered by the Lightwater and EM Ltd. v. Argentina, 03 Civ. 2508 (TPG), 2003 WL 22120745, (S.D.N.Y. Sept. 12, 2003) (amended Sept. 16, 2003) Orders.

### Eighth Affirmative Defense

28. Plaintiffs' interest claims on any claims based upon bonds issued pursuant the 1994 FAA, if any, arising before December 17, 2002 are barred in part by the applicable statute of limitations/prescription period.

WHEREFORE, the Republic respectfully requests that the Court enter an order:

(a) dismissing plaintiffs' claims with prejudice;

(b) awarding the Republic costs and disbursements, including reasonable attorneys' fees; and

(c) granting the Republic such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       February 19, 2008

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: _____
    Jonathan I. Blackman (jblackman@cgsh.com)
    Carmine D. Boccuzzi (cboccuzzi@cgsh.com)

One Liberty Plaza
New York, New York 10006
(212) 225-2000

Attorneys for the Republic of Argentina

6