UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELAZAR ROMANO, CARLO REGAZZONI, TOMASO ZAPPOLI THYRION, LA SOCIETÀ UMUS SRL, and GRAZIA VALENTINI,

    Plaintiffs,

- against -

THE REPUBLIC OF ARGENTINA,

    Defendant.

No. 07-CV-11331 (TPG)

[Proposed] Opinion

    Plaintiffs are the beneficial owners of certain bond indebtedness issued by the Defendant, the Republic of Argentina (the "Republic"), on which the Republic defaulted in December 2001. Plaintiffs are suing to recover amounts due to them as a result of the default and have moved for summary judgment. The Republic has no objection to the entry of summary judgment.

    The motion is granted.

## FACTS

    The bond indebtedness at issue is governed by the USD Discount Bond and Par Bond Fiscal Agency Agreement, dated as of April 7, 1993 (the "DPB FAA"). The DPB FAA is the same agreement that governed the bond indebtedness on which this court granted summary judgment to plaintiffs in *Etcheto et al.,. v. Republic of Argentina,* No. 08 Civ. 4902(S.D.N.Y. Feb. 6, 2009). Section 16 of the DPB FAA states that the Republic waives sovereign immunity and consents to jurisdiction in any state or federal court in the borough of Manhattan in the City of New York. The DPB FAA also provides that the Republic's obligations on the bonds are unconditional and that failure to make any payment of principal or interest for 30 days after the applicable date constitutes an event of default. A declaration by the Republic of a moratorium on the payment of principal or interest on its public

external indebtedness is an event of default as well. The terms and conditions of the bonds issued pursuant to the DPB FAA permit acceleration of principal only by holders of at least 25% in aggregate of the outstanding principal amount of the bonds.

On December 24, 2001, the Republic declared a moratorium on payments of principal and interest on the external debt of the Republic. The court refers to its previous opinions for a description of the circumstances of these defaults. *Lightwater Corp. Ltd. v. Republic of Argentina*, No 02 Civ. 3804, 2003 WL 1878420, at *2 (S.D.N.Y. Apr. 14, 2003); *Applestein v. Republic of Argentina*, No. 02 Civ. 1773, 2003 WL 1990206, at *1 (S.D.N.Y. Apr. 29, 2003). On or about December 17, 2007, Plaintiffs sent notices to the Fiscal Agent of the Republic, providing notice of an event of default, demanding payment on certain bonds governed by the DPB FAA, and declaring the principal amount of the debt securities governed by the DPB FAA to be immediately due and payable. Further, on or about February 13, 2007, the Fiscal Agent of the Republic communicated to the holders of the DPB FAA bonds that the Fiscal Agent received written communication from the holders of more than 25% of the principal amount outstanding of the DPB FAA bonds, declaring all of the DPB FAA bonds to be immediately due and payable.

The bonds that are the subject of this action, and the amounts of beneficial interests owned by Plaintiffs, are listed in the following tables.[1]

**TABLE 1**

| Plaintiff Bond Holder or Beneficial Owner: | ELAZAR ROMANO |
|---|---|
| Face Value | $7,500,000.00 |

---

[1] The court notes the distinction between bonds and beneficial interests. In some previous opinions, the court has simply referred to the plaintiffs as owners of "bonds" when in fact plaintiffs are technically owners of "beneficial interests in bonds." The Republic actually issues "a bond" to a depository. The depository, in some form, issues "participations" to brokers, who sell "beneficial interests" to purchasers. These beneficial interests are identified by reference to the underlying bond (CUSIP or ISN number or both; date of issuance and maturity; rate of interest) and the principal amount of the beneficial interest. This distinction is discussed more fully in *Million Air Corp. v. Republic of Argentina*, No. 04-1048, 2005 WL 2656126 (S.D.N.Y. Oct 17, 2005).

2

| | |
|---|---|
| **ISIN No.:** | XS0043119147 |
| **Date of Issuance** | March 31, 1993 |
| **Date of Maturity** | March 31, 2023 |
| **Interest Rate/Payable** | 6% |
| **Notice of Acceleration** | December 17, 2007 |
| **Contract Documents:** | DPB FAA |
| **Evidence of Ownership Proffered** | Account statement issued by Intesa Sanpaolo Priva Banking S.p.A. |

## TABLE 2

| | |
|---|---|
| **Plaintiff Bond Holder or Beneficial Owner:** | CARLO REGAZZONI |
| **Face Value** | $1,140,00.00 |
| **ISIN No.:** | XS0043119147 |
| **Date of Issuance** | March 31, 1993 |
| **Date of Maturity** | March 31, 2023 |
| **Interest Rate/Payable** | 6% |
| **Notice of Acceleration** | December 17, 2007 |
| **Contract Documents:** | DPB FAA |
| **Evidence of Ownership Proffered** | Account statement issued by Pictet and Cie |

## TABLE 3

| | |
|---|---|
| **Plaintiff Bond Holder or Beneficial Owner:** | LA SOCIETÀ UMUS SRL |
| **Face Value** | $250,000.00 |
| **ISIN No.:** | XS0043119147 |

| Date of Issuance | March 31, 1993 |
|---|---|
| Date of Maturity | March 31, 2023 |
| Interest Rate/Payable | 6% |
| Notice of Acceleration | December 17, 2007 |
| Contract Documents: | DPB FAA |
| Evidence of Ownership Proffered | Account statement issued by Banca Fideuram |

## TABLE 4

| Plaintiff Bond Holder or Beneficial Owner: | GRAZIA VALENTINI |
|---|---|
| Face Value | $115,000.00 |
| ISIN No.: | XS0043119147 |
| Date of Issuance | March 31, 1993 |
| Date of Maturity | March 31, 2023 |
| Interest Rate/Payable | 6% |
| Notice of Acceleration | December 17, 2007 |
| Contract Documents: | DPB FAA |
| Evidence of Ownership Proffered | Account statement issued by Cassa di Risparmio |

## TABLE 5

| Plaintiff Bond Holder or Beneficial Owner: | TOMASO ZAPPOLI THYRION |
|---|---|
| Face Value | $3,435,000.00 |
| ISIN No.: | XS0043119147 |

| Date of Issuance | March 31, 1993 |
|---|---|
| Date of Maturity | March 31, 2023 |
| Interest Rate/Payable | 6% |
| Notice of Acceleration | December 17, 2007 |
| Contract Documents: | DPB FAA |
| Evidence of Ownership Proffered | Account statement issued by UBS and Pictet & Cie |

## DISCUSSION

This Court has already granted summary judgment in other cases to plaintiffs seeking to collect on the Republic's defaulted bonds. *See, e.g. Mazzini v. Republic of Argentina*, No. 03 Civ. 8120, 2005 WL 743090, at *1 (S.D.N.Y. Mar. 31, 2005). Only standing and proof of ownership need to be discussed in connection with the present motion.

In *Fontana v. Republic of Argentina*, 415 F.3d 238 (2d Cir. 2005), and *Applestein v. Province of Buenos Aires*, 415 F.3d 242 (2d. Cir. 2005), the Second Circuit has held that an owner of a beneficial interest, such as Plaintiffs here, must receive authorization from the registered holder of the bond before it may sue, but that such authorization may be granted subsequent to the filing of a lawsuit. Alternatively, the Republic may waive the authorization requirement.

The Republic has agreed to waive objections based on lack of authorization where the court makes a finding of current ownership. *See* Transcript, March 28, 2006, *Cilli v. Republic of Argentina*, No. 04 Civ.6594.

Here, plaintiffs have adequately demonstrated through their account statements that they own their beneficial interests as of the following dates: Elazar Romano: October 30, 2011, Carlo Regazzoni: November 8, 2011; Tomaso Zappoli Thyrion: November 4, 2011; La Società Umus Srl: January 6, 2012; Grazia Valentini: December 31, 2011.

5

## CONCLUSION

The motion for summary judgment is granted. Judgment will be entered for the principal amount of the bonds issued under the DPB FAA plus accrued interest.

Settle Judgment.

**SO ORDERED**

Dated: New York, New York
February 21, 2013

_____
THOMAS P. GRIESA
U.S.D.J.